IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**STEVEN ANTHONY MITCHELL,**

    Plaintiff,

vs.                                                  Case No. 4:08cv266-MP/WCS

**JAMES McDONOUGH, et al.,**

    Defendants.

    _____/


## REPORT AND RECOMMENDATION

On July 25, 2008, the *pro se* Plaintiff filed a motion for preliminary injunction. Doc. 75. Plaintiff seeks an order which will require prison officials to provide him with "Jewish authentic kosher meals." *Id.*

Granting or denying a preliminary injunction is a decision within the discretion of the district court. <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983). Guiding this discretion is the required finding that plaintiff has established:

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury if the injunction were not granted;

> (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and
>
> (4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

In this case, Plaintiff cannot demonstrate a substantial likelihood of success as Plaintiff has not yet complied with the order to submit a second amended civil rights complaint. Because there is no active complaint to review in this case, Plaintiff cannot show a likelihood of success. Therefore, the instant motion must be denied as Plaintiff has not demonstrated a substantial likelihood of success on the merits.

Furthermore, Plaintiff faces a difficult challenge in showing a substantial likelihood of success in light of the report and recommendation pending in case Linehan v. Crosby, et al., 4:06cv225, a case which challenges the denial of a kosher diet. Judgment has not yet been entered, but the pending report and recommendation finds no violation of the First Amendment or RLUIPA. Doc. 90, case 4:06cv225.

The motion for preliminary injunction should be denied. When Plaintiff complies with the order to submit his second amended complaint, the merits of his claims may be considered with more clarify and in greater depth. However, on this record, Plaintiff has not shown a substantial likelihood of success on the merits.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for preliminary injunction, doc. 75, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on August 8, 2008.


   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**