# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**STEVEN ANTHONY MITCHELL,**

    **Plaintiff,**

**vs.**                                     **Case No. 4:08cv266-MP/WCS**

**LUIS ZAVALETA, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATON

Plaintiff, proceeding *pro se*, has filed an amended motion to transfer venue and stay this proceeding. Doc. 104. Defendants have not filed a response and the time for a response has expired.

This action was transferred to this Court in June, 2008. Doc. 68. After several amendments in this Court, following numerous amendments in the Southern District prior to transfer, Plaintiff filed a motion to change venue in September, 2008. Doc. 91. The motion was denied as premature, and Plaintiff directed to file the third amended complaint. Doc. 93. After review of the third amended complaint, doc. 94, an order was entered on October 30, 2008, noting that because the claims were limited to events that

occurred in South Florida, it would be appropriate to transfer the action back to the Southern District. Doc. 95. The parties were advised to address the issue of venue and transfer, doc. 95, and Plaintiff requested that the case be transferred. Doc. 96, p. 3. Counsel for Defendants responded on November 30, 2008, and agreed that since Plaintiff had dropped his injunctive relief claims against the Secretary of the Department of Corrections (concerning a Kosher diet), that transfer would be an appropriate course of action. Doc. 97. However, Defendants are concerned that the transfer could seriously impede the progress of this cause, cause even greater delay than has already been occasioned, and result in further amendments.

Specifically, Defendants feared that Plaintiff would try to restore his claim for injunctive relief seeking a Kosher diet, a claim that would involve a Defendant in this District. Doc. 97. Defendants sought some assurance that Plaintiff's "injunctive claims for a Kosher diet have been permanently dismissed from this case." Doc. 97, pp. 2-3. That assurance had not been provided as of yet. Plaintiff states that he "agrees with counsel's concerns for F.D.O.C. and her clients, *and has no objection to sanctions dismissing the J.D.A. (Jewish Dietary Accommodation) Kosther Meal claims permanently "with prejudice."* Doc. 104, p. 2. This is deemed to be a notice of voluntary dismissal under Rule 41(a).

The third amended complaint makes claims against six correctional officers. Doc. 94. Defendant Tyus is now in this District, but the events alleged in the complaint concern alleged actions by Defendant Tyus when he was in the Southern District of Florida. While the claims involve Plaintiff's *request* to be served a Jewish Passover meal, the claims do not involve any general claim of *entitlement* to a Kosher diet.

Case No. 4:08cv266-MP/WCS

Further, the only specific relief sought is damages.  Doc. 94, p. 23.  While Plaintiff alleges entitlement to other unspecified relief, this complaint is read as not seeking potential injunctive relief to be served a general Kosher Diet or a Passover Meal against any Defendant who works in this District and has general authority over the operation of the Florida Department of Corrections.  The complaint is read as containing a claim of entitlement to *request* a Passover meal without fear of retaliation, but that claim is solely directed to Defendants in the Southern District of Florida and is not a claim for injunctive relief to be served such a meal in the future.

To make that clear, and to prevent any further amendment, it is recommended that Plaintiff's recent notice of dismissal be granted and that the court dismiss all potential First Amendment claims for any *entitlement* to be served any sort of Kosher Diet.  Once this is done, the case should be transferred back to the Southern District of Florida because all of the Defendants were there when the claims arose, and there is no possibility of any sort of claim arising against any Defendant in Tallahassee who might be generally in charge of operation of the Florida Department of Corrections.

Plaintiff's motion for a stay should be denied.  There is no reason at all to stop discovery during the transfer.

Accordingly, it is **RECOMMENDED**:

1.  That the Court **GRANT in part and DENY in part** Plaintiff's amended motion to transfer venue and stay this proceeding, doc. 104.

2.  That the Court **DISMISS WITH PREJUDICE** all claims, including potential claims, for any kind of relief based upon an alleged *entitlement* to a general daily Kosher diet or a Kosher Passover meal, which necessarily includes all claims for damages for

*denial* of a general Kosher Diet or a Kosher Passover meal, and all claims against any Defendant in the Northern District of Florida for his or her alleged actions or inactions in his or her official capacity in the Northern District of Florida arising out of the events alleged in this complaint. Specifically not dismissed would be Plaintiff's claim that he was retaliated against by Defendants in the Southern District of Florida for *asking for* a Kosher Passover meal.

    3.  That the court **DENY** Plaintiff's motion for a stay, doc. 104.

    4.  That the Court **TRANSFER** this case to the Southern District of Florida for all further proceedings as venue is now proper in that District.

    **IN CHAMBERS** at Tallahassee, Florida, on March 20, 2009.

                                    s/    William C. Sherrill, Jr.
                                    **WILLIAM C. SHERRILL, JR.**
                                    **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:08cv266-MP/WCS