UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-22866-CIV-MOORE/GOODMAN

STEVEN ANTHONY MITCHELL,

    Plaintiff,

v.

WALTER A. McNEIL, *et al.*,

    Defendants.
_____/

### ORDER ON DEFENDANTS' MOTION TO STRIKE EXHIBITS FILED IN PLAINTIFF'S PRO SE TRAVERSE BRIEF OPPOSING <u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>

THIS MATTER is before the Court on the Motion of Defendants, Tremaine Sealy, Luis Zavaleta and Jason Tyus (collectively "Defendants"), to Strike Exhibits Filed in Plaintiff's Pro Se Traverse Brief to Defendants Motion for Summary Judgment. (DE# 140, 5/11/2010.) Having reviewed the applicable filings and the law, and for the reasons stated below, this Court grants Defendants' motion as to exhibits F, G, M, N and O but denies it without prejudice as to exhibits C through E and H.

**I. Introduction**

This is a *pro se* case filed under 42 U.S.C. §1983, alleging claims for retaliation under the First Amendment and cruel and unusual punishment and deliberate indifference under the Eighth Amendment. (Def.'s Mot. Sum. Judg. p. 1, DE# 124, 1/7/2010; Def.'s Traverse Br. ¶58, DE# 138, 4/19/2010. *See also generally* Pl.'s Third Am. Compl., DE#94, 10/22/2008; Order dated Sept. 22, 2009, dismissing claims for daily Kosher meals and injunctive relief, DE# 116.) Plaintiff, Steven Anthony Mitchell ("Mitchell"), is currently a prisoner serving time with the Florida Department of Corrections.

The case was originally filed on August 21, 2006, here in the Southern District of Florida, was transferred to the Northern District of Florida on June 6, 2006, but then transferred back to the Southern District of Florida on September 22, 2009.  (DE# 116; Case No. 1:06-cv-22080-SEITZ/WHITE, DE# 1 & 65.)  On January 7, 2010, Defendants filed their Joint Motion for Summary Judgment.  (DE# 124.)  Mitchell filed his Pro Se Traverse Brief to Defendants Motion for Summary Judgment on April 19, 2010.  (DE# 138.)  Defendants filed their motion to strike on May 11, 2010, and on July 29, 2010, this motion was referred to me for a decision.  (DE# 140 & 144.)

In their motion, Defendants move to strike exhibits C through H and M through O of Mitchell's Pro Se Traverse Brief to Defendants Motion for Summary Judgment.  (DE# 140, ¶3.)  Defendants argue that this Court may not consider these exhibits in opposition to their concurrently pending summary judgment motion because these exhibits contain inadmissible hearsay, are unauthenticated, or are irrelevant.  (*See generally id.*)

**II. Legal Standards and Analysis**

    **a. Summary Judgment Evidence**

Federal Rule of Civil Procedure 56(c)(2) directs a Court to examine "the pleadings, the discovery and disclosure materials on file, and any affidavits" to determine whether or not a genuine issue of material fact exists or if judgment as a matter of law is appropriate.  "Evidence inadmissible at trial cannot be used to avoid summary judgment." *Broadway v. City of Montgomery*, 530 F.2d 657, 661 (5th Cir. 1976).  Any "supporting or opposing affidavits" submitted under this rule "must be made on personal knowledge, set forth facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." FED. R. CIV. P. 56(e)(1).  In particular, "inadmissible hearsay 'cannot be considered on a motion for summary judgment.'" *Macuba v. DeBoer*, 193 F.3d 1316, 1322 (11th Cir. 1999) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)).  See also FED. R. EVID. 801(c)

(defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").

However, "affidavits and statements that would constitute hearsay, if reducible to admissible evidence, may be properly considered in support of a motion for summary judgment." *Saunders v. Emory Healthcare, Inc.*, 360 F. App'x 110, 112 (11th Cir. 2010) (affirming denial of motion to strike declaration because the "documents attached to the Declaration are either non-hearsay or could be reduced to admissible form"); *United States v. Four Parcels of Real Prop. In Greene and Tuscaloosa Counties in the State of Ala.*, 941 F.2d 1428, 1444 n. 35 & 36 (11th Cir. 1991) ("A verified pleading may be treated as an affidavit on summary judgment if it satisfies the standards of FED. R. CIV. P. 56(e)) ("The Court on summary judgment may consider a declaration executed in accordance with this statute [28 U.S.C. §1746] as an affidavit) (citing *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980)). *Mims v. Old Line Life Ins. Co. of Am.*, 46 F. Supp. 2d 1251, 1260 (M.D. Fla. 1999) (considering unauthenticated records despite objection where ability to authenticate the records was not challenged). *See also United States v. Elkin*, 885 F.2d 775, 785 (11th Cir. 1989) (admitting at trial what would otherwise have been a hearsay letter under what is now Rule 807's residual exception).

In addition to applying the rules governing the use of hearsay, courts confronted with summary judgment motions must also be mindful of fundamental principles which limit a court's ability to consider issues beyond those framed by the pleadings. In particular, "among the cardinal principles of our Anglo-American system of justice is the notion that the legal parameters of a given dispute are framed by the positions advanced by the adversaries, and may not be expanded sua sponte by the trial judge.'" *GRJ Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1999) (quoting *Doubleday & Co. v. Curtis*, 763 F.2d 495, 502 (2d Cir. 1985)), *overruled on other grounds by Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). While courts "do and should show a leniency to

3

*pro se* litigants not enjoyed by those with the benefit of a legal education," courts may not act like "*de facto* counsel" for a *pro se* litigant.  *GRJ Invs., Inc.*, 132 F.3d at 1369. This Court will consider these concerns, which are sometimes competing, as part of its analysis of the challenged exhibits.

### i. Exhibits C through E and H

Exhibits C through E and H all appear to be articles discussing Jewish dietary law and customs that were produced by the Aleph Institute between the years 2007 and 2010. (DE# 138.) According to Exhibit H, the Aleph Institute is a "not for profit educational, humanitarian and advocacy organization serving the unique needs of Jews in institutional environments and anywhere else they and their families may become isolated from their heritage." (*Id.*)  All of these exhibits contain volume and issue numbers, and therefore appear to be the sort of self-authenticating periodicals provided for in Federal Rule of Evidence 902(6).

"Establishing the authenticity of the publication may, of course, leave still open questions of authority and responsibility for items therein contained."  *Id.*  Advisory Committee Notes to 1972 Amendment.  If these periodicals did in fact contain hearsay, then Rule 902(6) would not prevent their being stricken as inadmissible hearsay, regardless of whether they are authentic. *See e.g., In re Application of Bloomberg, L.P.*, No. CIV. A. 97-227, 1998 WL 42252, at *2 (E.D. Pa. Jan. 8, 1998) *(*"While it is true that newspaper articles do not require extrinsic evidence of authenticity prior to admissibility, there may still remain the questions of authority and responsibility for statements contained therein").

Defendants do not actually point to any specific examples of purported hearsay in exhibits C through E and H. The information in these exhibits appears to consist of information regarding Jewish law and custom, as well as reproductions of certain Jewish prayers regularly said on holiday occasions.  There is no indication Mitchell is offering

4

these documents for the truth – which means he is not offering them for the requisite hearsay purpose.  For example, he is not offering the article to prove, as outlined in one of the challenged prayers, that there is in fact one "Lord," who is "King of the Universe." (Ex. C, DE# 138.)  Instead, Mitchell offers the article to demonstrate the custom of chanting certain prayers on certain holidays.  Those prayers happen to contain statements about certain religious beliefs, but proving the truth of those beliefs is not the purpose for Mitchell's use in his opposition to Defendants' summary judgment motion.

In his Motion Requesting Appointment of Counsel, Mitchell stated that he intends to have rabbis Aryeh Citron and Sholom D. Lipskar sign affidavits relating to exhibits C and D.  It appears that these two rabbis are the authors of the articles. *If* this case eventually proceeds to trial, <u>and</u> *if* Mitchell is able to establish the admissibility of testimony from a rabbi concerning Jewish law and custom, then Mitchell *may* be able to offer either such affidavits or the live testimony of these two rabbis.[1]  It is possible that by doing so, Mitchell would be able to reduce the content of these periodicals to admissible evidence.  This Court need not decide now whether proposed expert testimony would be admissible at trial.  For purposes of the pending summary judgment motion, however, Defendants' motion is denied without prejudice as to exhibits C through E and H.

### ii. Exhibit F

Exhibit F is an affidavit signed by Bobby Jones, another prisoner who claims to have seen several Aramark and Florida Department of Corrections employees verbally abuse and threaten Mitchell and deny him special meals for the Jewish Passover holiday. (Ex. F, DE# 138.)  Jones' affidavit is dated April 26, 2008, and states that he

---

[1] This order is in no way intending to serve as an advanced pretrial ruling on the admissibility at trial of any evidence, including these periodicals.  These periodicals may well *not* be admissible at trial, but for the same reason that the Court cannot act as *de facto* counsel for Mitchell, it will consider only the arguments actually made by Defendants in their motion to strike.  *See also Mims*, 46 F. Supp. 2d at 1260 (considering documents on summary judgment despite partial challenge to admissibility).

observed certain events on April 23rd, 24th and 25th, but Jones does not specify the *year* of his observations. Mitchell clarifies in his Traverse Brief that Jones is referring to events that occurred in 2008, but Mitchell does not characterize the affidavit as discussing any named defendant. (Traverse Br. ¶23.)

This Court finds that Jones' affidavit is not relevant to the resolution of the pending summary judgment motion because it details only the behavior of non-parties. *Cf. United States v. Gonzalez-Perales*, 313 F. App'x 677, 684 (5th Cir. 2008) (It "is well settled that the Government may not attempt to prove a defendant's guilt by showing that she associates with unsavory characters") (internal quotations and citations omitted). A*ccord United States v. Vigo*, 435 F.2d 1347, 1350-51 (5th Cir. 1971).

Compounding the irrelevancy of this affidavit is its temporal scope. Mitchell's Third Amended Complaint challenges behavior which allegedly occurred during 2003 to 2006 – *not* in 2008. (*See generally* Pl.'s Third Am. Compl*.,* DE# 94.)   Even if Jones' affidavit could be read as somehow implicating Defendants, it covers a time period only after the years in question in Mitchell's claims.  *See generally Duran v. City of Maywood,* 221 F.3d 1127, 1132-33 (9th Cir. 2000) (affirming trial court's decision in § 1983 action to exclude evidence of another shooting involving the defendant police officer three days after the shooting at issue in lawsuit).  *Cf. Hernadez v. Wilson Int'l, Inc.*, No. 2:09-cv-747-FtM-36SPC, 2010 WL 2653223, at *1 (M.D. Fla. July 2, 2010) (limiting discovery of tax records to time period pertinent to damages calculation).

Post-claim events involving non-parties are not relevant to whether the named defendants violated Mitchell's constitutional rights several years earlier.  Consequently, the Jones affidavit is irrelevant and the Court hereby strikes Exhibit F to Mitchell's Pro Se Traverse Brief.

6

### iii. Exhibit G

Exhibit G is a memorandum from Michael Vosbrink, Chaplain Supervisor of the Washington Correctional Institution, purporting to pinpoint the inmates at that facility who were officially recognized as celebrating the Jewish Passover holiday in the year *2008*. Because Mitchell's claims concern events in 2003 to 2006, this memorandum is irrelevant for the same reason that Exhibit F is irrelevant. The mere fact that a chaplain listed Mitchell as a Passover participant in 2008 is not relevant to whether the Defendants (i.e., not the chaplain) understood Mitchell's religious beliefs in 2003 to 2006 or whether they retaliated against him in those earlier years. The Court hereby strikes it from Mitchell's Pro Se Traverse Brief.

### iv. Exhibit M

Exhibit M is an affidavit from inmate Robert King, who claims to have witnessed "Officer Patrick" send Mitchell to confinement on September 16, 2009 even though Mitchell did not violate any rule. (Ex. M, DE# 138. *See also* Traverse Br. ¶29.) To be sure, in certain instances, assuming that all the required elements have been established, evidence of similar subsequent acts may be admissible at trial (and therefore eligible for consideration at the summary judgment stage). *See, e.g., Shinholster v. Langston*, No. 606CV073, 2008 WL 4762306, at *5 (S.D. Ga. Oct. 28, 2008) (noting evidence of other similar wrongs is admissible to show motive, intent, etc.) Evidence of *this* particular act, however, is not the type which would be admissible. Officer *Patrick* is not a defendant in this case. A non-defendant's conduct several years after the events at issue in Mitchell's claims is irrelevant. Exhibit M is hereby stricken from Mitchell's Pro Se Traverse Brief.

### v. Exhibit N

Exhibit N is purportedly a copy of Mitchell's approved request to participate in prison Passover activities in the year *2010*. (Traverse. Br. ¶60.) Exhibit N is hereby stricken for the same reason as exhibits F and G.

### vi. Exhibit O

Exhibit O is purportedly a copy of a list naming all those placed on the "Call Out" list for Passover Seder in the year *2010*. (Traverse. Br. ¶60.) Exhibit N is hereby stricken for the same reason as exhibits F, G and N.

## III. Conclusion

For the reasons discussed above, Defendants' motion to strike is granted as to exhibits F, G, N, M, and O, and denied without prejudice as to exhibits C through E and H.

DONE AND ORDERED, in Chambers, in Miami, Florida, this 16th day of August, 2010.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable K. Michael Moore
All counsel of record